NOT DESIGNATED FOR PUBLICATION

No. 122,032

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

617 WEST LLC,
*Appellee*,

v.

AMANDA CROTHERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed August 21, 2020. Affirmed.

*Amanda Crothers*, appellant pro se.

*Charles E. Hill*, of Wichita, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: In this appeal, Amanda Crothers asks us to reverse the district court's denial of her motion to set aside the default judgment entered against her. Because she offers no reasons why the district court erred, we affirm.

617 West LLC filed an eviction action against Crothers for past due rent. With no attorney, Crothers appeared in response to the summons and the court scheduled a bench trial. Crothers failed to appear for the bench trial and the court entered a default judgment for 617 West LLC.

1

Crothers asked for another hearing and moved to dismiss the lawsuit. After a couple of continuances, a hearing was set for February 1, 2019. Crothers failed to appear for that hearing and her motions were denied. She then filed a second motion to dismiss and a hearing was set for March 1, 2019. Crothers again failed to appear. This time, the district court denied her motion and entered judgment for 617 West for $380.

After that, Crothers then asked the court to set aside the default judgment. That motion was heard on April 12, 2019. When the court asked Crothers to explain why she had failed to appear, she responded, "[T]he time before the last time . . . I had a battery issue, and I was 30 minutes late, so I was here, but I was a few minutes late, and I came from Hutchinson, Kansas." The lawsuit was filed in Wichita. Unmoved by her reasons, the court denied the motion and Crothers appeals.

*Issues on appeal*

Crothers argues that 617 West failed to timely give her an itemized final statement. She also claims the lease submitted as an exhibit by 617 West does not actually show the original contract's term date. She claims that she was given several dates in which to pay her rent, and she was not given five days' notice before the first hearing on November 28, 2018, as required. See K.S.A. 2019 Supp. 60-206(d).

617 West argues that Crothers fails to address why default judgment was improper and that default judgment was properly granted.

*Our analysis*

We begin by noting that Crothers does not help her cause by failing to key her fact allegations to the record on appeal as required by Supreme Court Rule 6.02(a)(4) (2020 Kan. S. Ct. R. 34).

2

We must make a general observation about a fundamental point of law. When the defendant in a lawsuit fails to defend, the court may enter default judgment against that defendant:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the party is in default. On request and a showing that a party is entitled to a default judgment, the court must render judgment against the party in default for the remedy to which the requesting party is entitled." K.S.A. 2019 Supp. 60-255(a).

In other words, if you want to defend, then you must *do* something.

A default judgment may be set aside under K.S.A. 2019 Supp. 60-260(b). K.S.A. 2019 Supp. 60-255(b). Under K.S.A. 2019 Supp. 60-260(b), a court may grant relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by the opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; or any other reason that justifies relief. Denial of a motion to set aside a default judgment is reviewed for abuse of discretion. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 173, 61 P.3d 687 (2003).

After reviewing this record, we see no abuse of discretion in the district court's grant of default judgment. Crothers does not argue why she was entitled to relief under K.S.A. 2019 Supp. 60-260(b). The statute she cites—K.S.A. 2019 Supp. 61-3803—does not require two notices for eviction. She had no explanation for failing to appear at multiple hearings. She only complains that notice was improper for the hearing she did attend. But she was only entitled to three days' notice to appear after the summons was issued under K.S.A. 61-3805.

Her alleged facts on appeal are not keyed to the record. She did not file an answer nor did she appear at the bench trial. She also did not offer evidence to support her claims about the lease term date, the itemized final statement, or the several dates she was given to pay her rent. And, importantly, she did not dispute that she owed $380 in past due rent.

We affirm the district court's denial of her motion.